UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALEXIS BROWN-TURBYFILL<br>2031 East Birch Street, Apt 2<br>Philadelphia, PA 19134<br><br>  Plaintiff,<br><br>  v.<br><br>Grubhub<br>1601 Cherry Street<br>Philadelphia, PA 19102<br><br>  Defendant | JURY DEMANDED<br><br>No. |

## CIVIL ACTION COMPLAINT

And now Plaintiff, Alexis Brown-Turbyfill by and through her undersigned counsel, files this Complaint alleging that her rights pursuant to Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act of 1990, have been violated and avers as follows:

**I. Parties and Reasons for Jurisdiction.**

1.  Plaintiff, Alexis Brown-Turbyfill (hereinafter "Brown-Turbyfill"), is an adult individual residing at the above address.

2.  Defendant, Grubhub (hereinafter "Defendant"), is an online and mobile prepared food ordering and delivery platform. Defendant is a corporation with a corporate address of 111 West Washington Street, Suite 2100, Chicago, Illinois 60602. Defendant is organized and existing under the laws of Pennsylvania, with a principle place of business at the above address.

3.  At all times material hereto, Defendant acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

4. Ms. Brown-Turbyfill exhausted her administrative remedies pursuant to the Equal Employment Opportunity Act filed with the EEOC on January 23, 2020 with a request for dual filing. (See Exhibit "A," a true and correct copy of a dismissal and notice of rights issued by the Equal Employment Opportunity Commission.)

5. This action is instituted pursuant to Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act of 1990.

6. Jurisdiction is conferred by 28 U.S.C. §§ 1331 and 1343.

7. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendant conducts business in this district, and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district. Ms. Brown-Turbyfill was working for Defendant in the Eastern District of Pennsylvania at the time of the illegal actions by Defendant as set forth herein.

**II. Administrative Remedies**

8. On or about January 23, 2020, Ms. Brown-Turbyfill filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), which was docketed as EEOC Charge No. 846-2020-05622, alleging discrimination from her employer Grubhub.

9. Ms. Brown-Turbyfill has been advised of her individual right to bring a civil action by receiving a Notice of Rights from the EEOC, dated October 30, 2020.

10. Ms. Brown-Turbyfill has exhausted the administrative remedies available to her, and all necessary and appropriate administrative prerequisites to the filing of this Complaint have occurred and been satisfied.

**III. Operative Facts.**

11. Ms. Brown-Turbyfill was hired by Defendant on or about October 8, 2018 as an Operations Specialist.

12. Upon Ms. Brown-Turbyfill's hiring, Defendant was made aware of her disability (chronic migraines, back fractures, and anxiety).

13. Ms. Brown-Turbyfill offered a doctor's note to her supervisor but was told it was not necessary.

14. During Ms. Brown-Turbyfill's employment, she was subjected to disparate treatment compared to her Caucasian co-workers.

15. Throughout her employment, Ms. Brown-Turbyfill made several complaints, along with other employees, informing IT and her manager that there were issues with the software tool put into place.

16. The software issues that Ms. Brown-Turbyfill dealt with made it difficult for her to do her job to the best of her ability.

17. As a result of these software issues, Ms. Brown-Turbyfill was the only employee who had to fill out ticker-tracker forms and prove that she was in fact working.

18. After speaking with her Caucasian co-workers, Ms. Brown-Turbyfill discovered they never even knew the form existed.

19. Ms. Brown-Turbyfill advised her managers and senior operations specialists that she was not able to gain access to the ticketing system, and if she was able to access the system, she was only to work on a few tickets before being kicked out by the system.

20. IT's response to Ms. Brown-Turbyfill's concerns was that there was either no tickets available to work or they saw that there were tickets available, so to keep trying to get into the system and refresh the page.

21. Ms. Brown-Turbyfill has advised that refreshing the page hardly ever worked.

22. Stephanie [LNU], Ms. Brown-Turbyfill's supervisor accused her, in front of another Lead worker named Chris, of not working as she was supposed to. Ms. Brown-Turbyfill relied upon public transportation to and from work so she would always arrive early.

23. Ms. Brown-Turbyfill has suffered anxiety attacks as a result of the harassment she received during her employment with Defendant.

24. Defendant is attempting to use the failure of their ticketing system as a justification for Ms. Brown-Turbyfill's termination.

25. Ms. Brown-Turbyfill was instructed by Defendant to go out on Short-Term Disability; however, Ms. Brown-Turbyfill found out that Defendant had not returned their paperwork on time to the Short-Term Disability administrator Cigna which placed Ms. Brown-Turbyfill at risk of not receiving benefits.

26. In addition, Defendant reported to the unemployment commission that Ms. Brown-Turbyfill was working and receiving an income during a time that she was not and as a result her benefits were cut off until it was proven that Defendant's reports were inaccurate and her unemployment benefits were reinstated.

**IV. Causes of Action.**

**COUNT I**

## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT
## EMPLOYMENT DISCRIMINATION
## (42 U.S.C.A. § 2000e-2(a))

27. Ms. Brown-Turbyfill incorporates the preceding paragraphs as if fully set forth at length herein.

28. Defendant took adverse action against Ms. Brown-Turbyfill by discriminating against her because of her race.

29. Ms. Brown-Turbyfill's status as an African American female places her in a protected class.

30. Ms. Brown-Turbyfill's membership in a protected class was a motivating factor in Defendant's decision to discriminate against Ms. Brown-Turbyfill.

31. As such, Defendant's discrimination of Ms. Brown-Turbyfill is an unlawful employment practice, under 42 U.S.C. § 2000e-2(a),

32. As a proximate result of Defendant's conduct, Ms. Brown-Turbyfill sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Ms. Brown-Turbyfill has also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

33. As a result of the conduct of Defendant's owners/management, Ms. Brown-Turbyfill hereby demands punitive damages.

34. Pursuant to the Civil Rights Act of 1964, 42 U.S.C. §2000e-2(a), *et seq.* Ms. Brown-Turbyfill demands attorneys' fees and court costs.

## COUNT II
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT

## RETALIATION
### (42 U.S.C.A. § 2000e-3(a))

35. Ms. Brown-Turbyfill incorporates the preceding paragraphs as if set forth more fully at length herein.

36. At set forth above, Ms. Brown-Turbyfill made complaints about the discrimination and harassing conduct in the workplace and as such, Ms. Brown-Turbyfill was engaged in protected activity under Title VII of the Civil Rights Act.

37. Defendant took adverse action against Ms. Brown-Turbyfill by terminating her employment.

38. As set forth above, Ms. Brown-Turbyfill's participation in protected activity was a motivating factor in Defendant's decision to terminate her employment.

39. As such, Defendant's decision to terminate Ms. Brown-Turbyfill's employment is a retaliatory action prohibited by the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a)).

40. As a proximate result of Defendant's conduct, Ms. Brown-Turbyfill sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Ms. Brown-Turbyfill has also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

41. As a result of the conduct of Defendant, Ms. Brown-Turbyfill hereby demands punitive damages.

42. Pursuant to the Civil Rights Act of 1964, §704(a), 42 U.S.C. §2000e-3(a), *et seq.*, Ms. Brown-Turbyfill demands attorneys' fees and court costs.

## COUNT III
## TITLE I CLAIM--AMERICANS WITH DISABILITIES ACT
## RETALIATION
## (42 U.S.C.A. § 12101 et seq)

43. Ms. Brown-Turbyfill incorporates the preceding paragraphs as if fully set forth at length herein.

44. At all times material hereto, and pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq, an employer may not retaliate against an employee based her exercising her rights under the Americans with Disabilities Act.

45. Ms. Brown-Turbyfill is a qualified employee and person within the definition of Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq,

46. Defendant is an "employer" and thereby subject to the strictures of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq,

47. As set forth above, Ms. Brown-Turbyfill engaged in protected activity when she requested an accommodation for her qualified disability.

48. As set forth above, Defendant's conduct in terminating Ms. Brown-Turbyfill is an adverse employment action, was taken as a result of Ms. Brown-Turbyfill engaging in protected activity and constitutes a violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq,

49. As a proximate result of Defendant's conduct, Ms. Brown-Turbyfill sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of his earning power and capacity and a claim is made therefore.

50. Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq Ms. Brown-Turbyfill demands attorneys' fees and court costs.

## COUNT IV
## TITLE I CLAIM--AMERICANS WITH DISABILITIES ACT DISCRIMINATION
## (42 U.S.C.A. § 12101 et seq)

51. Ms. Brown-Turbyfill incorporates the preceding paragraphs as if fully set forth at length herein.

52. At all times material hereto, and pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq, an employer may not discriminate against an employee based on a disability.

53. Ms. Brown-Turbyfill is a qualified employee and person within the definition of Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq,.

54. Defendant is an "employer" and thereby subject to the strictures of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq,.

55. At all times material hereto, Ms. Brown-Turbyfill had a qualified disability, as described above.

56. Defendant's conduct in terminating Ms. Brown-Turbyfill is an adverse action, was taken as a result of his disability and constitutes a violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq,.

57. Defendant failed to engage in an interactive discussion of Ms. Brown-Turbyfill disability and failed to reasonably accommodate his disability.

58. As a proximate result of Defendant's conduct, Ms. Brown-Turbyfill sustained significant damages, including but not limited to: great economic loss, future lost earning

capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Ms. Brown-Turbyfill has also sustained work loss, loss of opportunity, and a permanent diminution of his earning power and capacity and a claim is made therefore.

59. Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et. seq.*, Ms. Brown-Turbyfill demands attorneys' fees and court costs.

## V. Prayer for Relief.

**WHEREFORE,** Plaintiff, Alexis Brown-Turbyfill, demands judgment in her favor and against Defendant, Grubhub, in an amount in excess of $150,000.00 together with:

A. Compensatory damages, including injury to reputation, mental and emotional distress, pain and suffering

B. Punitive damages;

C. Attorneys' fees and costs of suit;

D. Interest, delay damages; and,

E. Any other further relief this Court deems just proper and equitable.

LAW OFFICES OF ERIC A. SHORE, P.C.

BY: _____
MARY LEMIEUX-FILLERY, ESQUIRE
Two Penn Center, Suite 1240
1500 John F. Kennedy Boulevard
Philadelphia, PA 19110
Tel.: (267) 546-0132
Fax: (215) 944-6124
Email: Maryf@ericshore.com
*Attorney for Plaintiff, Alexis Brown-Turbyfill*

Date: 12/21/20

# EXHIBIT A